# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Gujret Singh,**<br>Petitioner<br>-vs-<br>**Phillip Crawford,**<br>Respondent(s) | CV-07-0283-PHX-JWS (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, previously incarcerated in the Federal Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 8, 2007 (#1), challenging his detention without bond while awaiting removal. On April 20, 2007, Respondents filed their Response (#5), arguing that Petitioner had since been released on bond, and thus this matter was moot. Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 24, 2006 (#1), challenging his detention without bond in the Federal Detention Center in Eloy, Arizona, while awaiting removal. Petitioner's Petition alleges that he is a native and citizen of India who was ordered removed on October 24, 2005, and at the time of his Petition had been detained for longer than 180 days. Petitioner alleges that requests

for travel documents from India have not been fruitful. (Petition, #1 at 5 and Memorandum at 3.)

On April 20, 2007, Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus and Suggestion of Mootness (#5) reflecting Petitioner's release on order of supervision on or about April 16, 2007. The Petitioner's Petition (#1) attacks solely his continued detention pending his removal pursuant to *Zadvydas v. Davis*, 533 U.S 678(2001) and related cases. Thus, it appeared that Petitioner's Petition had been rendered moot.

In addition, the Court's Service Order warned Petitioner that failure to file to a Notice of Change of Address immediately upon any such change "may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (Order 4/11/07, #3 at 2.) On April 23, 2007, mail from the Court to Petitioner was returned undeliverable (#7). Petitioner has not filed a Notice of Change of Address despite his apparent release from custody.

Accordingly, on May 7, 2007, the undersigned issued an Order (#10) giving Petitioner fifteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. That Order further gave Petitioner fifteen days to show cause why his Petition should not be dismissed as moot in light of his apparent release from custody. A copy of that order was mailed to Petitioner at his address of record.

Petitioner has not responded. The copy of the order sent to Petitioner's address of record was returned undeliverable on May 16, 2007 (#11).

### III. APPLICATION OF LAW TO FACTS

#### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not

subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. However, although that detention has terminated, Petitioner remains subject to conditions of supervision. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra.* Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

## B. FAILURE TO PROSECUTE

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on

appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Despite having twice been given specific notice (Notice of Assignment, #2 at 2; Order 4/11/07, #3 at 2) of his obligation to file a notice of change of address, and an order (#10) specifically directing him to do so, Petitioner has failed to keep his current address on file with the Court.

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over six weeks since his release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

1 have ten (10) days from the date of service of a copy of this recommendation within which
2 to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing
3 Section 2254 proceedings. Thereafter, the parties have ten (10) days within which to file a
4 response to the objections. Failure to timely file objections to any factual or legal
5 determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*
6 *novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
7 Cir. 2003)(*en banc*).

DATED: May 29, 2007      _____
                                          JAY R. IRWIN
                                          United States Magistrate Judge

S:\Drafts\OutBox\07-0283-001r RR 07 05 14 rtc HC Moot FTP NCA.wpd